# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:17-cv-00058-MR-DLH

| | |
|---|---|
| JEWELL RAMOS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **MEMORANDUM OF** |
| | ) **DECISION AND ORDER** |
| | ) |
| AAA OF THE CAROLINAS, | ) |
| a/k/a CAROLINA MOTOR | ) |
| CLUB, INC., | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**THIS MATTER** is before the Court on the Defendant's Motion to Dismiss [Doc. 5]; the Magistrate Judge's Memorandum and Recommendation [Doc. 24] regarding the disposition of that motion; and the *pro se* Plaintiff's "Response and Memorandum to Support Its Opposition to the Defendant's Motion to Dismiss" [Doc. 25].

## I. PROCEDURAL BACKGROUND

On January 27, 2017, the Plaintiff, through counsel, filed a Complaint in the Henderson County General Court of Justice, Superior Court Division, asserting state law claims for fraud, defamation of character, intentional infliction of emotional distress, negligent infliction of emotional distress, and

breach of the covenant of good faith and fair dealing, as well as federal claims under the Americans with Disability Act, 42 U.S.C. § 12101, *et seq.*, and the Family Medical Leave Act, 29 U.S.C. § 2601, *et seq.* [Doc. 1-2]. The Defendant removed the action to this Court on February 27, 2017. [Doc. 1]. Thereafter, the Defendant filed a Motion to Dismiss the Plaintiff's claims for fraud (Count I) and for the breach of the covenant of good faith and fair dealing (Count VII). [Doc. 5]. Pursuant to 28 U.S.C. § 636(b) and the Standing Orders of Designation of this Court, the Honorable Dennis L. Howell, United States Magistrate Judge, was designated to consider the Defendant's Motion to Dismiss and to submit a recommendation for its disposition.

Plaintiff's counsel sought two extensions of time to respond to the motion [Docs. 7, 10], which the Court allowed [Docs. 9, 12]. On May 1, 2017, the Plaintiff, proceeding *pro se*, filed a third motion for extension of time on the grounds that her counsel had closed her practice without notice and had "disappeared." [Doc. 13]. The Court granted the *pro se* Plaintiff's request for an extension and further ordered the Plaintiff's counsel to advise the Court whether she intended to continue representing the Plaintiff in this

matter. [Docs. 15, 16]. Plaintiff's counsel never responded to the Court's Order.

The *pro se* Plaintiff requested an stay 60 days in order to retain new counsel before responding to the Motion to Dismiss [Doc. 17], which the Court allowed [Doc. 19]. No new counsel, however, made an appearance on the Plaintiff's behalf. Following the expiration of the 60-day stay, the Court entered an Order directing the Plaintiff to respond to the Motion to Dismiss by August 28, 2017 and warning that no further extensions of time would be granted. [Doc. 20]. On August 25, 2017, the *pro se* Plaintiff filed another motion for extension of time [Doc. 21], which the Court denied [Doc. 23].

On October 31, 2017, the Magistrate Judge issued a Memorandum and Recommendation, recommending that the Defendant's Motion to Dismiss be granted. [Doc. 24]. The parties were advised that any objections to the Magistrate Judge's Memorandum and Recommendation were to be filed in writing within fourteen (14) days of service. On November 13, 2017, the Plaintiff filed a pleading entitled "Plaintiff's Response and Memorandum to Support Its Opposition to the Defendant's Motion to Dismiss." [Doc. 25]. The Defendant filed a Response to the Plaintiff's pleading on November 27, 2017. [Doc. 26]. This matter is now ripe for disposition.

## II. STANDARD OF REVIEW

The Federal Magistrate Act requires a district court to "make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In order "to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007). The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objections have been raised. Thomas v. Arn, 474 U.S. 140, 150 (1985). Additionally, the Court need not conduct a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

## III. DISCUSSION

Despite receiving numerous extensions to do so, the Plaintiff did not respond to the Defendant's Motion to Dismiss in a timely manner. After the Magistrate Judge entered his Memorandum and Recommendation, the

4

Plaintiff filed a "Response and Memorandum to Support Its Opposition to the Defendant's Motion to Dismiss" [Doc. 25].  To the extent that the Plaintiff's filing purports to be a response to the Motion to Dismiss, it is untimely and shall not be considered.  To the extent that the Plaintiff's filing purports to be objections to the Magistrate Judge's Memorandum and Recommendation, the Plaintiff's filing does not identify any specific error in the Magistrate Judge's proposed conclusions of law.  Rather, the Plaintiff simply restates the allegations made in her Complaint and asserts arguments in opposition to the Defendant's Motion to Dismiss. These kinds of objections do not warrant a *de novo* review of the Magistrate Judge's reasoning.  Aldrich v. Bock, 327 F.Supp.2d 743, 747 (E.D. Mich. 2004) ("A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge.  An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context.").

After a careful review of the Memorandum and Recommendation, the Court concludes that the Magistrate Judge's proposed conclusions of law are correct and are consistent with current case law.  Accordingly, the Court

5

hereby accepts the Magistrate Judge's recommendation that the Defendant Motion to Dismiss should be granted, and that Counts I and VII of the Plaintiff's Complaint should be dismissed.

## IV. CONCLUSION

Having conducted a careful review of the Memorandum and Recommendation, the Court concludes that the Magistrate Judge's proposed conclusions of law are supported by and are consistent with current case law.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Plaintiff's "Response and Memorandum to Support Its Opposition to the Defendant's Motion to Dismiss" [Doc. 25], which the Court construes as an objection to the Memorandum and Recommendation, is **OVERRULED**, and the recommendation of the Magistrate Judge [Doc. 24] is **ACCEPTED**.

**IT IS FURTHER ORDERED** that the Defendant's Motion to Dismiss [Doc. 5] is **GRANTED**, and the Plaintiff's claims for fraud (Count I) and for the breach of the covenant of good faith and fair dealing (Count VII) are hereby **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that The Clerk of Court shall send the *pro se* Plaintiff a Notice of Availability of the Settlement Assistance Program.

The Plaintiff shall have fourteen (14) days (the "Opt in Period") to decide whether to participate in the Pro Se Settlement Assistance Program and return the completed Notice form to the Clerk of Court in Asheville. The deadline for conducting an initial attorneys' conference is tolled during this Opt in Period.

**IT IS SO ORDERED.**　　　Signed: November 28, 2017

Martin Reidinger
United States District Judge